CVB JUDGE



**09-CR-05774-ORD**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 09-5774 |
| | ) |
| Plaintiff, | ) FINDINGS AND ORDER ACCEPTING |
| | ) DEFENDANT FOR DEFERRED |
| vs. | ) PROSECUTION, APPROVING |
| | ) TREATMENT PLAN, AND DIRECTING |
| GORDON C. FORSYTH, | ) DEFENDANT TO TAKE TREATMENT |
| | ) AS PRESCRIBED |
| Defendant/Petitioner. | ) |
| | ) **(Clerk's Action Required)** |
| | ) |

THIS MATTER, coming on for hearing this 22nd day of February, 2010, at **9:00 a.m.** upon the defendant's Petition for Deferred Prosecution; the defendant appearing in person and by Jay Stansell standing in for his attorney, Michael Filipovic, and the United States of America being represented by Captain Justin Lonergan, Special Assistant United States Attorney; the Court, having examined and incorporated into the record Petitioner's Petition and Statement in support of deferred prosecution, the evaluation and treatment report prepared by Lifeline Connections, and the files and records herein, being fully advised in the premises, does now make and enter the following:

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 1
(Gordon Forsyth; CR09-5774)

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

# I. FINDINGS OF FACT

A.    On or about November 5, 2009, Petitioner was charged with the offenses charged in the Information.  These offenses occurred as a direct result of alcoholism/chemical dependency problems;

B.    Petitioner suffers from an alcohol/drug problem and is in need of treatment;

C.    The probability of similar misconduct in the future is great if the problem is not treated;

D.    Petitioner is amenable to treatment;

E.    An effective rehabilitative treatment plan is available to Petitioner through Lifeline Connections, an approved treatment facility as designated by the laws of the State of Washington, and Petitioner agrees to be liable for all costs of this treatment program;

F.    That Petitioner agrees to comply with the terms and conditions of the program offered by the treatment facility as set forth in the diagnostic evaluation from Lifeline Connections, attached to Statement of Petitioner filed herewith, and that Petitioner agrees to be liable for all future costs of this treatment program;

G.    That Petitioner has knowingly and voluntarily stipulated to the admissibility and sufficiency of the facts as contained in the written police report attached to Statement of Petitioner filed herewith.

H.    That Petitioner has acknowledged the admissibility of the stipulated facts in any criminal hearing or trial on the underlying offense or offenses held subsequent to revocation of this Order Granting Deferred Prosecution and that these reports will be used to support a finding of guilt;

From the foregoing FINDINGS OF FACT, the Court draws the following:

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 2
(Gordon Forsyth; CR09-5774)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

during the second year. The Court may increase the frequency of these reports at its discretion;

D. Petitioner shall notify U.S. Probation within 72 hours of any residence change.

E. Petitioner shall abstain during the deferred prosecution period from any and all consumption of alcoholic beverages and/or non-prescribed mind-altering drugs;

F. Petitioner shall not operate a motor vehicle on the public highways without a valid operator's license and proof of liability insurance sufficient to comply with the state laws on financial responsibility;

G. Petitioner shall be law abiding and shall not commit any alcohol/drug related offenses or other criminal offenses during the period of deferral,

H. Petitioner shall notify U.S. Probation within 72 hours of being arrested, questioned, or cited by Law Enforcement.;

I. In the event that Petitioner fails or neglects to carry out and fulfill any term or condition of his treatment plan or violates any provision of this Order or any rule or regulation of his probation officer, upon receiving notice, the Court shall hold a hearing to determine why Petitioner should not be removed from deferred prosecution and prosecuted for the offense/offenses charged;

J. In the event the Court finds cause to revoke this deferred prosecution, the stipulated police reports shall be admitted into evidence, and Petitioner shall have his guilt or innocence determined by the Court;

K. That the statement of Petitioner for Deferred Prosecution shall remain sealed, and all subsequent reports or documents relating to his treatment information shall be sealed, to maintain confidentiality of Petitioner's treatment information;

L. That the Department of Licensing be notified of this Order accepting the Petitioner for deferred prosecution;

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 4
(Gordon Forsyth; CR09-5774)

M.   Upon proof of Petitioner's successful completion of five years deferral period in this Order, the Court shall dismiss the charges pending against Petitioner.

N.   Additional conditions: _____

_____

_____

DONE IN OPEN COURT this _22nd_ day of _February_____, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

Presented by:

_____
Michael Filipovic
Attorney for Petitioner

I have received a copy of the foregoing Order of Deferred Prosecution. I have read and understand its contents, and agree to abide by the terms and conditions set forth herein.

Dated: _2/22/10_____       _____
Gordon Forsyth
Petitioner

I certify that a copy of this signed Order was mailed to the subject treatment facility, on _February 22____, 2010. The United States Probation Office was also furnished a copy of this Order.

_____
Clerk

FINDINGS AND ORDER ACCEPTING DEFENDANT
FOR DEFERRED PROSECUTION - 5
(Gordon Forsyth; CR09-5774)

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100